DUMONT, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 510.—Decided March 30, 1922.

RECORD OF TITLE—DOMINION TITLE—PRESCRIPTION—COMPUTATION OF TIME.—In the computation of the time necessary for ordinary prescription the party seeking to obtain a dominion title judgment may complete the necessary time of possession by adding to his own not only that of his immediate predecessor but also that of all other predecessors.

ID.—ID.—POSSESSORY TITLE.—A person who has the possession of real property recorded in his name is not bound to follow the procedure for the conversion of the record of possession into a record of ownership, but if he possesses all the necessary requirements he may institute proceedings to establish his dominion title and have it recorded in the registry.

The facts are stated in the opinion.

*Mr. F. Navarro Ortiz* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Registrar of Property of Guayama refused to record a judgment of the District Court of Guayama declaring dominion titles in favor of José Dumont López to three rural properties for the following reasons:

"Record of the preceding document is hereby denied as to the property marked A, because of the defect that while it appears from the document itself that the petitioner, José Dumont López, acquired the property on May 10, 1920, by purchase from the consorts Miguel Guzmán Texidor and María P. Serrant, who had in turn acquired it on May 15, 1918, by purchase from Pedro Martínez Acevedo, it does not appear that the period of ten years necessary for acquiring ownership by prescription had elapsed (sec. 1858 of the Civil Code), and although the manner and the time of acquisition by the former owners of the said property are set forth, the comprehensiveness which seems to have been given to the provision of section 1861 of the said code with regard to the computation of the time for prescription is not admissible, because that statute refers to the time of possession by the predecessor in title of the petitioner and not to the time of possession by the predecessors of the petitioner's predecessor. The properties marked B and C are not admitted to record, because of the defect that as they were recorded in the registry on April 8, 1919, in the name of the petitioner, José Dumont López, by virtue of possessory titles, the time for prescription began to run on that date, according to article 35 of the Mortgage Law, and it does not appear that the ten years fixed by section 1858 of the Civil Code for the acquisition of ownership by prescription had elapsed."

1. The registrar maintains that in the computation of the ten years necessary for acquiring ownership by prescription

with good faith and color of title it is not permissible to go beyond the immediate predecessor of the petitioner, basing his opinion on the wording of section 1861 of the Civil Code. That section is the same as article 1960 of the old Civil Code and the pertinent part of it reads as follows:

"In the computation of the time necessary for prescription, the following rules shall be observed:

"1. The actual possessor may complete the time necessary for prescription by adding to his time that of his constituent (sic)."

In our opinion the question is so clear that it has been assumed without discussion that the law allows the actual possessor to add to his time of possession the time of possession as owners of all of his predecessors in title for the purpose of completing the term of prescription. If the legislators had intended to limit the scope of subdivision 1 of section 1861 of the Civil Code to the person from whom the actual possessor directly acquired the property, instead of saying "by adding to his time that of his constituent" it would have said, for example, "by adding to his time that of his immediate predecessor." If A possesses a property as owner and sells it to B and B while in possession as owner sells it to C, not only B, but also A, is the predecessor of C. See the judgment of the Supreme Court of Spain of December 21, 1880, 44 J. C. 564, and the decisions of the Supreme Court of Porto Rico in *Cruzado* v. *López Ballester*, 26 P. R. R. 148, and *Mestre* v. *Michelena, ante,* p. 142.

Under the American decisions the question is clear. "In order to perfect title by adverse possession, such possession must be continuous for the whole period prescribed by the statute of limitations," says Corpus Juris, vol. 2, page 80, and explains the principle fully. Then it goes on to say:

"It does not follow from anything heretofore said that continuous possession in any one person is necessary for the acquisition of title

by adverse possession. On the contrary it is a rule of almost universal application that, if there is privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make up the time of adverse holding prescribed by the statute as against such title.'' 2 C. J. 82–83.

The citations in support of that comment are from many States, among them Louisiana. See *Moulierre* v. *Coco et al.,* 41 S. 113, and *Calvet et al.* v. *Martin et al.,* 29 P. R. R. 599.

2. The question involved in the second ground of the decision may be decided by applying the principles laid down in the case of *Collazo* v. *Registrar of Guayama,* 26 P. R. R. 420. The fact that a person has prosecuted possessory title proceedings to judgment and recorded his possession as owner in the registry does not prevent him from instituting later a dominion title proceeding. If the said person acquires all of the necessary data for proving his ownership of the property, he is not obliged to wait for the lapse of the time fixed by the Mortgage Law for converting the previous record of possession into a record of ownership.

The decision appealed from must be

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.